United States Court of Appeals
FOR THE EIGHTH CIRCUIT

_____

No. 00-3945

_____

Jerry Turpin and Bonnie Turpin,    \*
    \*
           Appellants,    \*
    \*    Appeal from the United States
        v.    \*    District Court for the
    \*    District of Nebraska
The County of Rock, Nebraska;    \*
Galen Svoboda, in his official    \*
capacity; and Jim Anderson,    \*
in his official capacity,    \*
    \*
           Appellees.    \*

_____

Submitted: June 14, 2001
Filed: August 21, 2001

_____

Before McMILLIAN and RICHARD S. ARNOLD, Circuit Judges, and DAWSON,[1] District Judge.

DAWSON, District Judge.

Jerry and Bonnie Turpin instituted a civil rights action against the County of Rock, Nebraska, and two officers, alleging that the officers made false representations

_____

[1] The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas, sitting by designation.

in support of a search warrant used to search the home of Appellants. In a state criminal prosecution that preceded this case, motions to suppress the evidence obtained had been granted based upon a finding by the state court that the issuance of the search warrant was defective. The district court[2] granted the defendants summary judgment, concluding that there was probable cause to arrest the Appellants, that the officers were protected by qualified immunity, and that the actions of the officers could not be imputed to the county.

On appeal, Appellants raise for the first time the argument that the officers should be precluded from contending that they did not make material misrepresentations in the affidavit for the search warrant, as the State had argued and lost that very issue at the hearing on the motion to suppress in the state criminal case. Appellants further contend that the district court (1) erred in concluding that there were no material facts in dispute when there was evidence of reckless omissions in the affidavit for the search warrant, (2) erred in concluding that the officers' conduct was objectively reasonable, and (3) erred in concluding that the county was not liable.

For reasons stated herein, we AFFIRM the decision of the district court.

## I. Background.

On or about May 5, 1999, Rock County investigator Galen Svoboda prepared an affidavit for the issuance of a warrant to search the Appellants' home. In this affidavit, Officer Svoboda recited that he and Deputy Anderson had been advised by Ken Turpin, a cousin of Appellant Jerry Turpin, that he had discovered what he believed to be marijuana plants growing on his property and that he believed his brother, James Turpin, was responsible for growing those plants. Ken Turpin also stated that he had witnessed his brother running his hunting dogs in that area and that he subsequently saw movements of small flashlights around the marijuana plants at

---

[2] The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

night. In response to a telephone call from the informant Ken Turpin advising of the flashlight incident, Deputy Anderson proceeded to the area and subsequently gave chase to a vehicle that was departing. The vehicle was stopped and the driver was identified as James Turpin and the passenger as the Appellant Jerry Turpin. According to Deputy Anderson, both were dressed in camouflage clothing that was muddy and two flashlights were located on the front seat. Deputy Anderson released both men; however, some two or three days later, he returned with Officer Svoboda to the area where the informant Ken Turpin reportedly saw the marijuana plants. At this location, they observed approximately twenty holes where they believed marijuana plants had been removed. These holes contained potting soil and what appeared to be styrofoam particles.

Based upon this information, a search warrant was issued and marijuana plants were found in the basement of Appellants' home. A criminal action was then brought against Appellants in state court. The charges were dismissed, however, after the same judge who issued the search warrant granted Appellants' motion to suppress. The judge found that the affidavit failed to establish the reliability of the informant because it failed to disclose two particular items of information known by Deputy Anderson: (1) the sheriff's department had taken the informant into protective custody some ten to twelve years earlier when he shot stuffed ducks off a wall inside his residence; and (2) prior to 1987, the informant held a grudge against his brother over a land dispute. Following the dismissal of the state court charges, Appellants brought suit against both officers and the County of Rock seeking compensatory and punitive damages for emotional distress, loss of enjoyment of life, humiliation, embarrassment, and loss of reputation in the community.

## II. Discussion.

We first address Appellants' argument that the state-court's ruling on the motion to suppress precludes the officers from arguing that they did not make material misrepresentations. Appellants waived this argument by failing to raise it

in the district court, *see Medtronic, Inc. v. Gibbons*, 684 F.2d 565, 569 (8th Cir. 1982), and, in any event, it is without merit. Under Nebraska law, collateral estoppel bars re-litigation of issues decided in a prior action if the party against whom the rule is applied was either a party or in privity with a party to the prior action and where there was an opportunity to fully and fairly litigate the issue in the prior action. *See Woodward v. Andersen*, 627 N.W.2d 742, 749 (Neb. 2001). Collateral estoppel cannot be used against the officers in our case, as the officers were neither parties nor in privity with the State in the criminal action and did not have a full and fair opportunity to litigate the issues in the criminal action . *See Duncan v. Clements*, 744 F.2d 48, 51-52 (8th Cir. 1984) (state court's finding that arrest and search were unconstitutional could not be used offensively against arresting officer in subsequent civil rights suit because interests of State in criminal proceeding were not identical to personal interests of individual officer and, thus, officer was not in privity with State, and officer did not have full and fair opportunity to litigate at suppression hearing as he had no control over State's presentation of its case ).

We next address the district court's grant of summary judgment to the officers based upon qualified-immunity. We review this ruling de novo. *See Tlamka v. Serrell*, 244 F.3d 628, 632 (8th Cir. 2001). Summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In deciding whether the officers are entitled to summary judgment, we view the summary judgment record in a light most favorable to the Appellants, affording them the benefit of all reasonable inferences. *See Tlamka*, 244 F.3d at 632.

Qualified immunity shields governmental officials from personal liability if their actions, even if unlawful, were "nevertheless objectively reasonable in light of the clearly established law at the time of the events in question." *Anderson v. Creighton*, 483 U.S. 635, 638-39 (1987). The inquiry in determining whether the officers are entitled to qualified immunity focuses on whether the Appellants have asserted a violation of a clearly-established constitutional right and, if so, whether there are genuine issues of material fact as to whether a reasonable official would

4

have known that the alleged action indeed violated that right. *See Hunter v. Namanny*, 219 F.3d 825, 829 (8th Cir. 2000).

The law was clearly established at the time in question in this case that an affidavit for a search warrant containing materially false statements or omissions knowingly or recklessly made in conscious disregard for the truth violates the Fourth Amendment. *See Franks v. Delaware*, 438 U.S. 154, 171-72 (1978). However, the officers would be entitled to qualified immunity if the affidavit, when reconstructed to include the omitted information, would still provide probable cause. *See id.*

We first address whether the officers knowingly or recklessly omitted facts in conscious disregard for the truth. There is no evidence indicating that Deputy Anderson revealed the information about the wall-shooting incident or the land dispute to Officer Svoboda. Accordingly, Svoboda cannot be said to have knowingly or recklessly disregarded the truth when he prepared the affidavit. With regard to Deputy Anderson, there are some instances when recklessness may be inferred from the fact of omission of information. Such an inference, however, is warranted only when the material omitted would have been "clearly critical" to the finding of probable cause. *See United States v. Reivich*, 793 F.2d 957, 961 (8th Cir. 1986). While shooting ducks off a wall is not the usual way of duck hunting, we agree with the district court that there was no evidence that Anderson had reason to believe from this incident that the informant was mentally impaired, as it was an isolated incident that occurred some ten to twelve years earlier. As to the land dispute between the informant and his brother, Anderson's uncontroverted testimony indicated that he had not heard of problems between the brothers since 1987 and had no reason to believe any animosity still existed. We conclude that the information concerning the shooting incident and the land dispute would not have been "clearly critical" to the finding of probable cause and that the omission of this information did not constitute recklessness.

Further, even when reconstructed to include the omitted information, the affidavit would still provide probable cause because the facts related by the informant were at least partially corroborated by Anderson. In response to the telephone call

5

from the informant who reported seeing someone with flashlights proceeding toward an area where the informant had earlier discovered marijuana plants, Deputy Anderson proceeded to the area and subsequently encountered James and Jerry Turpin. According to Anderson, both men were dressed in camouflage clothing, both were very muddy, and two flashlights were on the front seat. Their only explanation was that they were out "looking at the clouds because it was raining and lightning." Deputy Anderson and Officer Svoboda subsequently visited the area where the informant reportedly saw the marijuana plants and observed numerous small holes containing potting soil and what appeared to be styrofoam particles, which was consistent with a marijuana planting operation. Where the facts stated by an informant are at least partially corroborated, the credibility and reliability of the informant are not crucial to the finding of probable cause. *See United States v. Gibson*, 123 F.3d 1121, 1124 (8th Cir. 1997).

Having concluded that the district court properly granted Officer Svoboda and Deputy Anderson summary judgment on qualified-immunity grounds, we likewise conclude that the county was entitled to summary judgment. *See Abbott v. City of Crocker*, 30 F.3d 994, 998 (8th Cir. 1994) (municipality cannot be liable unless officer is found liable on underlying substantive claim).

## III.    Conclusion.

Based on the foregoing, we hereby affirm the district court's rulings in their entirety.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

6