# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No.  01-3096

_____

| | | |
|---|---|---|
| Mary DeArmon, Albert Greer, Stanley Boyd, | * * * | |
| Plaintiffs - Appellants, | * * * | Appeal from the United States District Court for the Eastern District of Missouri. |
| v. | * * | |
| Garrett Burgess; Joseph Spiess; Clarence Hines; Steve Berles; Joseph Crews; William Noonan; Thomas Whyte; Edward Smoote; Troy Eaton; James Joyner; Board of Police Commissioners of the City of St. Louis; Wayman Smith, III; Leslie Bond, Sr.; Clarence Harmon, The Honorable Ex-Officio Mayor. | * * * * * * * * * * * | |
| Defendants - Appellees. | * | |

_____

Submitted: September 9, 2003
Filed: November 8, 2004

_____

Before LOKEN, Chief Judge, McMILLIAN and HANSEN, Circuit Judges.

_____

McMILLIAN, Circuit Judge.

In this 42 U.S.C. § 1983 action, Mary DeArmon, her son, Stanley Boyd, and her cousin, Albert Greer (collectively appellants) appeal from a final judgment entered in the District Court for the Eastern District of Missouri[1] in favor of ten St. Louis, Missouri, police officers and the members of the city's board of police commissioners (collectively appellees). For reversal, appellants argue that the district court erred in holding that appellees were entitled to qualified immunity on claims alleging an unlawful search and seizure, in violation of the Fourth and Fourteenth Amendments. We affirm.

## BACKGROUND

On June 3, 1997, the police officers executed a search warrant at DeArmon's house, where her son and her cousin also resided. The search warrant authorized the officers to search and seize "crack cocaine, marijuana, heroin, weapons, U.S. currency, drug transaction records, and any other instruments of the crime." According to appellants, the officers broke entry doors and locks on interior doors, damaged drywall and furniture, and seized a firearm, doorknobs and locks, photographs, personal papers, and jewelry. Also, according to appellants, the officers did not provide them with a copy of the search warrant and an itemized receipt for the seized property, as required by Fed. R. Crim. P. 41 and Mo. Rev. Stat. §§ 542.276, 542.291.

Appellants, who were never charged with a crime, filed this § 1983 action in the district court, challenging the issuance and execution of the search warrant. They also raised a pendent state-law replevin claim, seeking return of the seized items.

---

[1]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

Appellees filed a motion for summary judgment on the basis of qualified immunity. The district court granted the motion. The district court held that the search warrant was supported by probable cause, and, as relevant to this appeal, the the officers had not exceeded the scope of the warrant.[2] The district court also held that the officers' alleged violation of Fed. R. Crim. P. 41 and state law did not constitute a § 1983 violation because the officers had not violated clearly established constitutional law. The district court declined to exercise supplemental jurisdiction over the state-law replevin claim, and entered final judgment. This appeal followed.[3]

**DISCUSSION**

We review the district court's grant of summary judgment on the basis of qualified immunity de novo. Turpin v. County of Rock, 262 F.3d 779, 782 (8th Cir. 2001). In doing so, we review the record in the light most favorable to appellants and give them the benefit of all reasonable inferences therefrom. Id. In determining whether appellees are entitled to qualified immunity, we first ask whether "the facts alleged show the officer's conduct violated a constitutional right." Saucier v. Katz, 533 U.S. 194, 201 (2001). If so, we next "ask whether the right was clearly established." Id. "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Id. at 202. We "examine pre-existing law to see if it would be apparent to reasonable officials that their actions

---

[2]On appeal, appellants do not challenge the district court's holdings that the search was conducted pursuant to a warrant that was supported by probable cause; that appellants had presented no evidence that the affidavit in support of the warrant application contained false or misleading statements; and that the officers' breaking doors and walls and overturning furniture were objectively reasonable.

[3]Appellants had filed a motion to remand this case to the district court because of a lack of a final judgment. However, at oral argument, they abandoned the claim, conceding the judgment was final.

-3-

were unconstitutional." Weiler v. Purkett, 137 F.3d 1047, 1052 (8th Cir. 1998) (en banc).

Appellants first argue that the district court erred in granting summary judgment because the officers seized items–jewelry, photographs, and personal papers–which were outside the scope of the search warrant. The district court did not err. "Regardless of the fact that many of the items were 'personal property' of one or more of the [appellants], [they] fail to show how any of the items seized were inconsistent with the parameters of the search warrant." Walden v. Carmack, 156 F.3d 861, 873 (8th Cir. 1998). The search warrant authorized the officers to seize drugs, weapons, money, drug records, and "other instruments" of drug transactions. The officers reasonably "could have believed that the items seized were of such an incriminating nature as to constitute . . . evidence of criminal activity." Id. As appellees note, the personal papers could have been drug records; the photographs could have depicted criminal activity; the jewelry could have been the fruits of a drug transaction; and the door locks and knobs could have carried fingerprints.

Appellants next argue that the district court erred in granting summary judgment on their claim that the officers violated Fed. R. Crim. P. 41 and state law, which required the officers to give them a copy of the search warrant and an itemized property receipt. On appeal, appellants do not assert error in the district court's holding that, even if the officers had failed to follow Fed. R. Crim. P. 41 and state law, the officers had not violated a clearly established constitutional right. Indeed, in the district court, appellants conceded that, at the time of the search, this court had not expressly held that failure to follow Fed. R. Crim. P. 41 was a constitutional violation, see United States v. Hepperle, 810 F.2d 836, 838-39 (8th Cir.), cert. denied, 403 U.S. 1025 (1987), and acknowledged that some federal courts had held that violations of Fed. R. Crim. P. 41 were not constitutional violations. See, e.g., United States v. Simons, 206 F.3d 392, 403 (4th Cir. 2000) ("failure . . . to leave either a copy of the warrant or a receipt for the items taken did not render the search

unreasonable under the Fourth Amendment").   Appellants also did not contest that "a violation of state law, without more, does not state a [§ 1983] claim."  Collins v. Bellinghausen, 153 F.3d 591, 596 (8th Cir. 1998) (internal quotation omitted).

Although appellants do not assert that a violation of  Fed. R. Crim. P. 41 and state law is a violation of a clearly established constitutional right, appellants argue that the district court erred because it ignored their argument concerning the ministerial-duty exception to the qualified immunity doctrine.  Appellants rely on Davis v. Scherer, 468 U.S. 183 (1984) (Davis).  In that case, the Supreme Court suggested that a state official would not be entitled to qualified immunity if he violated a statute or regulation that "specifi[ed] the precise action that the official must take in each instance."   Id. at 196 n.14.  In addition, the Court stated that the breach of the legal duty had to "g[ive] rise to the [plaintiff's] cause of action for damages."   Id.  In other words, "[n]either federal nor state officials lose their immunity by violating the clear command of a statute or regulation–of federal or of state law–unless that statute or regulation provides the basis for the cause of action sued upon."  Id. at 194 n.12.

In Sellers v. Baer, 28 F.3d 895, 902 (8th Cir. 1998), we observed that "[t]he exception to qualified immunity for functions that are 'ministerial' rather than 'discretionary' is quite narrow."  Indeed, we stated that "in light of the limitations placed on the exception by Davis," it was difficult "to imagine the case in which the ministerial-duty exception ever could apply," believing that, as a practical matter, "the ministerial-duty exception to the qualified immunity defense [wa]s [a] dead letter." Id.  In this case, "[e]ven assuming that the officers violated the [legally] imposed duties and that the duties were purely ministerial, the officers still are entitled to qualified immunity."  Id. (footnote omitted).   Appellants do not claim that Fed. R. Crim. P. 41 or state law created their cause of action.  Rather, appellants seek damages based on their claims that the Fourth and Fourteenth Amendments were violated.  "Thus, the issue before us is whether the officers' conduct violated any

-5-

clearly established constitutional rights, not whether the officers may have violated" a federal rule or state law. Id. As the district court held, because, at the time of the search, the officers' failure to follow Fed. R. Crim. P. 41 and state law did not constitute a violation of a clearly established constitutional right, they are entitled to qualified immunity.

Appellants next argue that appellees' failure to return their property seized during the search violated their due process rights under the Fifth and Fourteenth Amendments, relying on Lathon v. City of St. Louis, 242 F.3d 841 (8th Cir. 2001) (Lathon). In Lathon, a plaintiff filed a § 1983 action alleging that the police department's refusal to return weapons and ammunition seized during a lawful search of his home was a deprivation of his property without due process, in violation of the Fifth and Fourteenth Amendments. The district court, citing Hudson v. Palmer, 468 U.S. 517 (1984), and Parratt v. Taylor, 451 U.S. 527 (1981), granted the defendants' motion for summary judgment on the due process claim, noting that the plaintiff had state-law remedies available for any loss he had suffered. "In those cases, the Supreme Court held that a deprivation of property caused by a state official's random and unauthorized conduct does not give rise to a § 1983 procedural due process claim if the state provides an adequate post deprivation remedy." Lathon, 242 F.3d at 843 (footnote omitted). In Lathon, we reversed the grant of summary judgment because the defendants' refusal to return the weapons and ammunition was an authorized decision, not a random and unauthorized act. Thus, we held that the availability of state-law post-deprivation remedies was irrelevant. Id. at 844.

Appellants' reliance on Lathon is misplaced. Unlike the plaintiff in Lathon, appellants, who were represented by counsel in the district court, did not plead a § 1983 claim based on a deprivation of their property in violation of the due process clause of the Fifth and Fourteenth Amendments. Rather, their § 1983 claims alleged an unlawful search and seizure in violation of the Fourth and Fourteenth Amendments. They never amended their complaint to add a due process claim

-6-

alleging that appellees' deprivation of their property violated the Fifth and Fourteenth Amendments. Instead, they filed a pendent state-law claim for replevin. In fact, in their opposition to appellees' motion for summary judgment, appellants argued that the availability of state-law remedies was not before the district court because they were not alleging Fifth Amendment due process violations, but rather were alleging Fourth Amendment violations. Appellants now argue that replevin is not an available state-law remedy. However, because they did not present this argument or their other Fifth Amendment arguments to the district court, we decline to address the arguments on appeal. Tarsney v. O'Keefe, 225 F.3d 929, 939 (8th Cir. 2000) (refusing to address arguments raised for the first time on appeal cert. denied, 532 U.S. 924 (2001)).

Accordingly, the judgment of the district court is affirmed.

_____