# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 03-3668

_____

Ronnie McCoy; Lori McCoy,             *
                                      *
        Appellants,                   *
                                      *
    v.                                *   Appeal from the United States
                                      *   District Court for the Eastern
City of Monticello; Harold West,      *   District of Arkansas.
Mayor; Monticello Police              *
Department; Sam Norris;               *
Ken Ouelette,                         *
                                      *
        Appellees.                    *

_____

Submitted:  January 13, 2005
Filed:  June 16, 2005

_____

Before RILEY, JOHN R. GIBSON, and GRUENDER, Circuit Judges.

_____

RILEY, Circuit Judge.

On December 31, 2000, Ken Ouelette (Officer Ouelette), an auxiliary police officer with the Monticello Police Department, engaged in a police pursuit of a vehicle driven by Ronnie McCoy (McCoy). The pursuit ended when the police forced McCoy's vehicle off the ice-covered road into a ditch. With his firearm drawn, Officer Ouelette ran towards McCoy's vehicle, slipped, and fell on the ice. Upon falling, Officer Ouelette's gun accidentally discharged, and a bullet struck

McCoy in the chest, seriously injuring him. McCoy and his wife, Lori McCoy, (McCoys) sued the City of Monticello, Mayor Harold West, the Monticello Police Department, Police Chief Sam Norris, (collectively, City), and Officer Ouelette under 42 U.S.C. § 1983, alleging violations of McCoy's Fourth Amendment rights. Earlier, Officer Ouelette appealed the district court's denial of qualified immunity. Concluding no unreasonable seizure had occurred, we reversed, holding Officer Ouelette was entitled to qualified immunity. McCoy v. City of Monticello, 342 F.3d 842, 848-49 (8th Cir. 2003) (McCoy I). Thereafter, the district court[1] granted summary judgment on the municipal liability claims. The McCoys appeal, and we affirm.

The McCoys appeal the grant of summary judgment in favor of the City on their municipal claims of unconstitutional custom and failure to train and supervise, arguing Tennessee v. Garner, 471 U.S. 1 (1985), mandates reversal. We review de novo a grant of summary judgment, giving the McCoys the most favorable reading of the record as well as the benefit of any reasonable inferences drawn from the record. Wilson ex rel. Wilson v. Gunn, 403 F.3d 524, 526 (8th Cir. 2005).

A Fourth Amendment seizure requires an intentional act by an officer, and does not address "accidental effects of otherwise lawful government conduct." Brower v. County of Inyo, 489 U.S. 593, 596-97 (1989). We previously held Officer Ouelette's act of drawing his gun was "objectively reasonable," and the accidental discharge did not constitute an unreasonable seizure violating McCoy's constitutional rights.[2]

---

[1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.

[2]The McCoys seek relief under section 1983 based on a Fourth Amendment constitutional violation. They do not assert a claim for negligence. In McCoy I, we briefly discussed, without deciding, the issue of whether an accidental shooting implicates liability under the Fourth Amendment. See McCoy I, 342 F.3d at 847 n.3.

2

McCoy I, 342 F.3d at 847-49. Therefore, the City cannot be held liable on either an unconstitutional policy or custom theory or on a failure to train or supervise theory. This circuit has consistently recognized a general rule that, in order for municipal liability to attach, individual liability first must be found on an underlying substantive claim.[3] See McVay v. Sisters of Mercy Health Sys., 399 F.3d 904, 909 (8th Cir. 2005) (stating "[s]ince we have found that [the officer's] actions were not unconstitutional, McVay cannot make a prima facie case against the City under section 1983"); Turpin v. County of Rock, 262 F.3d 779, 784 (8th Cir. 2001) (concluding because district court properly granted officers summary judgment on qualified immunity grounds, county likewise was entitled to summary judgment); Veneklase v. City of Fargo, 248 F.3d 738, 748 (8th Cir. 2001) (en banc) (declaring "where arresting police officers are absolved of liability to arrestees, the City ordinarily is not liable"); Thomas v. Dickel, 213 F.3d 1023, 1026 (8th Cir. 2000) (reasoning "[b]ecause we have found that the officers' stop of the plaintiffs' car did not violate their fourth amendment[ ] rights, it follows that the plaintiffs' claim against the city (inadequate training and municipal custom) must likewise fail"); Eagle v. Morgan, 88 F.3d 620, 628 (8th Cir. 1996) (declaring decision that officers' conduct did not violate plaintiff's constitutional right to privacy disposed of related claims against the city); Abbott v. City of Crocker, 30 F.3d 994, 998 (8th Cir. 1994) (holding city cannot be found liable on either a failure-to-train theory or a municipal custom/policy theory unless a defendant police officer is found liable on an underlying substantive claim).

---

[3] On one occasion we recognized an exception to the general rule when a state actor is not held responsible for a constitutional injury because of a "good faith belief, meriting qualified immunity." Kuha v. City of Minnetonka, 365 F.3d 590, 603 (8th Cir. 2004) (quoting from Judge Lay's dissent in Tilson v. Forrest City Police Dep't, 28 F.3d 802, 813 & n.9 (8th Cir. 1994)). Because McCoy's case does not involve a constitutional injury, the Kuha exception is not implicated.

We have reviewed <u>Tennessee v. Garner</u> and conclude its facts are clearly distinguishable. <u>Garner</u> involved a police officer's intentional use of deadly force to prevent the escape of a fleeing, unarmed burglar. While ruling a Tennessee statute authorizing use of deadly force was not unconstitutional on its face, the Supreme Court held "[t]he use of deadly force to prevent the escape of all felony suspects, whatever the circumstances, is constitutionally unreasonable." <u>Garner</u>, 471 U.S. at 11. The Court further declared, "[a] police officer may not seize an unarmed, nondangerous suspect by shooting him dead." <u>Id.</u> These are not the facts before us. McCoy's case involves an auxiliary police officer's display of deadly force to effectuate an arrest followed by an accidental firing of the officer's service revolver.

Our review also persuades us the district court correctly found the record fails to establish either (1) the City had a policy or custom of displaying lethal force to effectuate a felony traffic stop, or (2) the City failed to train or supervise Officer Ouelette properly on effecting a felony traffic stop.

Accordingly, we affirm the judgment of the district court.

_____