# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3544

_____

Billy Joe Smith; Delores Smith,          *
                                         *
            Appellants,                   *
                                         *
      v.                                  *      Appeal from the United States
                                         *      District Court for the
Dick Busby, individually and in his       *      Eastern District of Arkansas.
capacity as Sheriff of Crittenden         *
County; Ed Laxton, Chief                  *      [UNPUBLISHED]
Investigator, individually and in his     *
capacity with Crittenden County           *
Sheriff's Department; Jason Oliver,       *
individually and in his capacity as Lead  *
Detective with Crittenden County          *
Sheriff's Department; Gary Banks,        *
Sgt., individually and in his capacity    *
with Crittenden County Sheriff's          *
Department; Tommy Martin,                 *
individually and in his capacity as       *
Deputy with Crittenden County             *
Sheriff's Department; Crittenden          *
County, Arkansas; Kent Hale,              *
individually and in his capacity as       *
Coroner of Crittenden County; Sam         *
Koons, individually and as an officer     *
of the Arkansas State Police; Mike        *
Fuller, individually and as an officer    *
of the Arkansas State Police; Wayne       *

Fawcett, individually and as Principal        *
of the Marion High School,                      *
                                                *
        Appellees.                              *

_____

Submitted:  February 7, 2006
Filed:  February 14, 2006

_____

Before ARNOLD, BYE, and SMITH, Circuit Judges.

_____

PER CURIAM.

Billy Joe and Delores Smith (plaintiffs) appeal from the district court's[1] order dismissing their 42 U.S.C. § 1983 action alleging fourth and fifth amendment violations in connection with the response to, and investigation of, the shooting death of their teenage son.  We affirm.

In their amended complaint, plaintiffs alleged that, after law enforcement officers received a report of a shooting in their home, the officers unlawfully entered the home and allowed members of the public to enter, roam about, and steal property from the home, which caused an invasion of their privacy and subjected them to an unreasonable search and seizure of property in violation of the fourth amendment. Plaintiffs also alleged that they were deprived of property without due process of law, in violation of the fifth amendment, as a result of the third-party stealing and defendants' retention, loss, or destruction of property in connection with the investigation of plaintiffs' son's death and the removal of his body from the home.

---

[1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.

On appeal, plaintiffs no longer rely on their allegations that the third parties who entered their home caused fourth amendment violations, nor do they challenge the officers' initial entry into the home. Rather, plaintiffs allege for the first time that, after entering the home, the officers themselves engaged in an expansive search and seizure of property in violation of the fourth amendment. Because plaintiffs did not assert these allegations in the amended complaint, we decline to consider them on appeal. See Naucke v. City of Park Hills, 284 F.3d 923, 926-927 & n.2 (8th Cir. 2002) (declining to consider argument made for first time on appeal based on allegation not made in district court); U.S. Dep't of Labor v. Rapid Roberts, Inc., 130 F.3d 345, 348 (8th Cir. 1997) (acknowledging appellate court's discretion to consider matters raised for first time on appeal, but noting that court ordinarily will not do so). The district court correctly concluded that no viable fourth amendment claim was stated against the officers in the amended complaint because the officers lawfully entered the home and merely allowed third parties to enter during exigent circumstances, which was at most mere negligence. See Terrell v. Larson, 396 F.3d 975, 978 (8th Cir. 2005) (en banc) (mere negligence insufficient to establish culpability under § 1983). The district court appropriately distinguished this case from the case upon which plaintiffs relied, Wilson v. Layne, 526 U.S. 603, 609-18 (1999) (officers violated homeowners' fourth amendment rights by intentionally bringing third parties into their home during execution of arrest warrant, where third parties' presence did not aid warrant execution). Plaintiffs therefore cannot establish section 1983 liability for failure to supervise or train, see McCoy v. City of Monticello, 411 F.3d 920, 922-23 (8th Cir. 2005), and we need not address the issue of qualified immunity, see Crumley v. City of St. Paul, 324 F.3d 1003, 1008 (8th Cir. 2003). The dismissal of plaintiffs' fourth amendment claims is affirmed.[2]

_____

[2]Plaintiffs assert no argument on appeal regarding their fourth amendment claim against Wayne Fawcett, the principal of their son's high school, whom they sued for releasing their son's grades to authorities. The dismissal as to Mr. Fawcett is affirmed on the basis of waiver. See Watson v. O'Neill, 365 F.3d 609, 614 n.4 (8th Cir. 2004) (claim not addressed on appeal deemed waived).

Regarding the fifth amendment due process claims, plaintiffs did not allege in the amended complaint, nor do they assert now, that they were deprived of property as a result of Arkansas's established post-deprivation procedures. They merely challenge the adequacy of those state procedures, of which they have not attempted to avail themselves. We hold that the district court properly dismissed plaintiffs' fifth amendment claims. See Parratt v. Taylor, 451 U.S. 527, 538-44 (1981) (concluding that respondent failed to state due process claim where he had not alleged that deprivation of property resulted from established post-deprivation state procedure), overruled on other grounds by Daniels v. Williams, 474 U.S. 327 (1986) (overruling prior recognition that constitutional deprivation may be caused by negligent conduct); see also Hudson v. Palmer, 468 U.S. 517, 533 & n.14 (1984) (deprivation of property by state employee did not violate due process clause where meaningful post-deprivation remedy was available); Walden v. Carmack, 156 F.3d 861, 874 (8th Cir. 1998) (in § 1983 action, holding that plaintiffs' due process rights were not violated because, even if property was unreasonably seized during search, Arkansas provides adequate state post-deprivation remedies that satisfy due process).

The judgment of the district court is affirmed.

_____