# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3439

_____

Janet Wilson,

        Appellant,

    v.

Boone County, Arkansas; Danny
Hickman, Individually and in his
official capacity as Boone County
Sheriff; Mark Rupp, Individually
and in his official capacity; David
E. Lafferty, Individually and in his
official capacity,

        Appellees,

John Doe, 1; John Doe, 2; John Doe,
3; John Doe, 4; John Doe, 5; John
Doe, 6, Individually and in their
official capacities,

        Defendants.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   Western District of Arkansas.
\*
\*     [UNPUBLISHED]
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*

_____

Submitted: August 7, 2006
Filed: August 14, 2006

_____

Before RILEY, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Janet Wilson (Wilson) appeals the district court's[1] adverse grant of summary judgment in her 42 U.S.C. § 1983 lawsuit. Wilson sued Boone County, Arkansas (County); County Sheriff Danny Hickman (Hickman) and Police Captain Mark Rupp (Rupp); and Arkansas State Police Officer David Lafferty (Lafferty) for Fourth, Fifth, and Fourteenth Amendment violations, and for malicious prosecution, arising from an affidavit of probable cause which resulted in a warrant for her arrest on capital murder charges that were later dismissed.[2] We review de novo the district court's grant of summary judgment, viewing the record in a light most favorable to Wilson. See Turpin v. County of Rock, 262 F.3d 779, 783 (8th Cir. 2001).

For the reasons explained by the district court, we agree with the court that the record did not establish trialworthy issues as to (1) Hickman's personal involvement in the preparation and presentation of the affidavit, see Andrews v. Fowler, 98 F.3d 1069, 1078 (8th Cir. 1996) (supervisory liability under § 1983); (2) Rupp's and Lafferty's entitlement to qualified immunity on the individual-capacity claims against them, see Malley v. Briggs, 475 U.S. 335, 345 (1986) (question is whether reasonably well-trained officer in petitioner's position would have known that his affidavit failed to establish probable cause and that he should not have applied for warrant); Turpin, 262 F.3d at 783 (two-step analysis in qualified immunity determination); and (3) the constitutionality of the County policy Wilson challenged, see Monell v. NY City Dep't of Soc. Servs., 436 U.S. 658, 694-95 (1978) (local government's § 1983 liability).

---

[1]The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas.

[2]On appeal Wilson has waived her remaining claims. See Watson v. O'Neill, 365 F.3d 609, 614 n.4 (8th Cir. 2004).

We also find no abuse of discretion in the district court's decision to decline to exercise supplemental jurisdiction over the state-law malicious-prosecution claim. See Gibson v. Weber, 433 F.3d 642, 647 (8th Cir. 2006).

Accordingly, we affirm. See 8th Cir. R. 47B.

_____