# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 10-3838

_____

| | | |
|---|---|---|
| Dale Hayden, | * | |
| | * | |
| Plaintiff - Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Nevada County, AR; Abb Mormon, | * | Western District of Arkansas. |
| Individually and as Sheriff of Nevada | * | |
| County, Arkansas, | * | |
| | * | |
| Defendants - Appellees. | * | |

_____

Submitted: September 19, 2011
Filed: January 10, 2012

_____

Before LOKEN, BEAM, and MURPHY, Circuit Judges.

_____

LOKEN, Circuit Judge.

Dale Hayden appeals the district court's[1] dismissal of his 42 U.S.C. § 1983 claims against Nevada County, Arkansas, and its Sheriff, Abb Mormon. Assuming as true the facts alleged by Hayden, the issue is whether Hayden's due process rights were violated when Mormon induced Hayden to plead guilty to a pending felony charge of terroristic threatening in December 1989. Reviewing the district court's

_____

[1]The Honorable Harry F. Barnes, United States District Judge for the Western District of Arkansas.

grant of summary judgement *de novo*, we affirm. <u>Curry v. Crist</u>, 226 F.3d 974, 977 (8th Cir. 2000) (standard of review).

There is a reason Hayden first asserted claims relating to a 1989 guilty plea in June 2008. In an unrelated criminal proceeding in April 1992, Hayden was found competent to stand trial and convicted of disorderly conduct and harassing communications. He was sentenced to five years in prison, and served nineteen months, at least in part because he committed these offenses while on probation from the 1989 terroristic threatening conviction. In December 2006, acting on Hayden's petition for a writ of error *coram nobis*, the Nevada County Circuit Court dismissed the 1989 terroristic threatening charges, finding that Hayden "was not competent to understand the proceeding against him at the time he entered his plea of guilty on December 21, 1989." Our record does not reveal whether the judge who issued this order had before him a November 1989 report of an Arkansas State Hospital (ASH) psychologist opining that Hayden was then competent to stand trial.

The terroristic threatening charges were filed in January 1989. Because Hayden had been declared incompetent and committed to ASH several times in the past, he was committed to ASH for a mental evaluation in July 1989. <u>See</u> Ark. Code Ann. § 5-2-305(b). After the psychologist issued his competency report, Hayden was returned to the Nevada County jail for trial. <u>See</u> Ark. Code Ann. § 5-2-310(b)(2)(B). He pleaded guilty to terroristic threatening in the first degree on December 21 and was sentenced to five years probation. The summary judgment record does not include the Nevada County Circuit Court proceedings relating to that plea and sentencing. Because the charge was a felony, Arkansas law required that Hayden be represented by counsel and that the court determine that his guilty plea was knowing and voluntary before accepting it. <u>See</u> Ark. R. Crim. P. 24.2, 24.5. We assume the court, which previously ordered Hayden committed to ASH for a mental evaluation, had before it when it accepted Hayden's guilty plea the ASH report opining that he was competent to stand trial.

-2-

Hayden's § 1983 due process complaint alleged that, while he was in pretrial custody under Mormon's supervision, Mormon "attempted to coerce" Hayden to plead guilty to terroristic threatening by "assuring him that doing so would result in only two years of probation" and his release before Christmas. Hayden further alleged that he did not understand the charge against him, as Mormon knew, and that he pleaded guilty "based only upon the advice given to him by Defendant Mormon," despite believing he was innocent.[2] The complaint also asserted § 1983 claims against Nevada County and against Mormon in his official capacity, alleging that the County's failure to train its police officers, including Mormon, encouraged them to give legal advice to detainees that they are not qualified to give. He requested injunctive relief and $2,000,000 compensatory and $2,000,000 punitive damages.

The district court granted summary judgment dismissing the claim against Mormon in his individual capacity on the ground that he is entitled to qualified immunity from these damage claims. The district court concluded that Hayden "adequately asserted a violation of his constitutional right to be free from criminal prosecution while incompetent." Assuming the truth of the allegations that Mormon knew of Hayden's past mental health issues and convinced Hayden to plead guilty, the court concluded that a reasonable person in Mormon's position would not have known that he was committing a constitutional violation because Mormon reasonably relied on the ASH psychologist's report that Hayden was competent to stand trial. The court dismissed the claims against Nevada County and Mormon in his official capacity because Hayden's "conclusory statement alleging a lack of training is simply not sufficient to create a genuine issue of fact" and a need for better training was not

---

[2]Hayden also sued Nevada County Deputy Prosecuting Attorney Danny Rogers for "accepting" the guilty plea of a defendant who had been declared incompetent in prior proceedings. Early in the litigation, the district court dismissed the claim against Rogers and entered final judgment pursuant to Fed. R. Civ. P. 54(b). Hayden did not appeal that ruling.

apparent from the facts of the case.  The court also dismissed Hayden's pendent state tort claims without prejudice, a ruling Hayden does not challenge on appeal.

Hayden argues that the district court erred in granting summary judgment because there is no evidence in the record demonstrating that Mormon knew about the ASH report when he attempted to coerce Hayden to plead guilty, raising a genuine issue of disputed fact as to whether a reasonable sheriff in Mormon's position would know that coercing Hayden's guilty plea violated a clearly established constitutional right.  Assuming that this fact is disputed (which is questionable), we conclude that it is not material because Mormon and Nevada County were nonetheless entitled to summary judgment on the merits of Hayden's § 1983 claims.

The first issue is whether Hayden alleged the violation of a constitutional right *by Sheriff Mormon*.  Without question, a guilty plea entered by a legally incompetent defendant is constitutionally infirm.  But Hayden cites no case -- and we have found none -- imposing § 1983 liability on a state actor for coercing or inducing a guilty plea that is later determined not to be knowing and voluntary.  The persons most directly responsible for accepting such a plea, the trial judge and the prosecutor, are of course entitled to absolute immunity from such a claim.  There are other state actors who may be in a position to influence a defendant to plead guilty, such as jailers, probation and parole officers, and investigating law enforcement officers.  And we assume without deciding that such an officer could be liable under § 1983 for a substantive due process violation if he coerced a defendant's guilty plea by the use of conscience-shocking torture.  Cf. Chavez v. Martinez, 538 U.S. 760, 796 (Kennedy, J., concurring in part and dissenting in part) ("torture or its equivalent in an attempt to induce a statement violates an individual's fundamental right to liberty").  But that is not this case.  The alleged coercion -- Mormon telling Hayden that pleading guilty "would result in only two years of probation, with no fines or further holding," Complaint ¶ 10, -- did not render Hayden's plea involuntary.  See Brady v. United States, 397 U.S. 742, 751-58 (1970).  Hayden asserts, without

-4-

citation to authority: "Even if Mormon had knowledge that Hayden had been declared competent, and . . . understood the charges against him . . . dispensing [] unsolicited legal advice to a detainee . . . was in violation of that person's constitutional right to due process." There is no such constitutional right, even vaguely established, in our jurisprudence.

Sheriff Mormon was also entitled to summary judgment for an additional reason. "Causation is an essential element of a section 1983 cause of action." Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986); see Martinez v. California, 444 U.S. 277, 285 (1980) ("not every injury in which a state official has played some part is actionable"). "To survive a summary judgment motion on this issue, [Hayden] must present evidence from which a reasonable jury could conclude that [Mormon's] statements were the proximate cause of the violation of his constitutional right." Latimore v. Widseth, 7 F.3d 709, 716 (8th Cir. 1993) (Arnold, J., dissenting), cert. denied, 510 U.S. 1140 (1994). He failed to do so.

As Mormon rightly notes, "it has never been the duty of the Sheriff to determine one's fitness to stand trial or capacity to maintain the culpable mental state." Before accepting Hayden's guilty plea to a terroristic threatening felony, it was the trial judge's responsibility to determine that Hayden was competent to stand trial and that the waiver of his constitutional rights was knowing and voluntary. See Godinez v. Moran, 509 U.S. 389, 400 (1993); Hunter v. Bowersox, 172 F.3d 1016, 1022-23 (8th Cir. 1999). If a reasonable doubt as to competency emerged, the court was required to suspend the proceedings *sua sponte* and conduct a further competency inquiry. See Campbell v. Lockhart, 789 F.2d 644, 646 (8th Cir. 1986); Ark. Code Ann. § 5-2-305(a)(1)(B), (D). The 2006 ruling that the trial judge erred in accepting the guilty plea was not a reasonably foreseeable result of Mormon's pretrial advice. Cf. Walden v. Carmack, 156 F.3d 861, 874 (8th Cir. 1998) (sheriff not liable under § 1983 for recommending excessive bail because "setting the bail bond is entirely at the discretion of the presiding judge"). Therefore, absent an

unconstitutional motive, jailer Mormon was not liable for advising Hayden to enter a guilty plea subsequently determined to be invalid. An official holding a criminal defendant in pretrial custody may reasonably assume that the trial court will properly determine whether the defendant is competent to stand trial or plead guilty.

Moreover, the principal injury alleged by Hayden was the more severe sentence imposed in 1992 because he committed those later offenses while serving the five-year probationary sentence imposed after he pleaded guilty to terroristic threatening. The proximate cause of that injury was Hayden's own failure to obtain timely relief from his invalid plea, either by moving to withdraw the plea after the court imposed a longer probationary period than Mormon allegedly promised, see Ark. R. Crim. P. 26.1(b), (c); or by seeking post-conviction relief on the ground that he was not competent to stand trial or that the plea was not knowing and voluntary.

For these reasons, Sheriff Mormon was entitled to summary judgment on the merits of Hayden's due process claim.

Because Hayden failed to establish a violation of his constitutional rights by Sheriff Mormon, the district court properly dismissed Hayden's official capacity claims against Mormon and Nevada County. See, e.g., McCoy v. Monticello, 411 F.3d 920, 922 (8th Cir. 2005).

The judgment of the district court is affirmed.

_____