# United States Court of Appeals
### For the Eighth Circuit

_____

No. 15-1732
_____

Randall Ray Corwin

*Plaintiff - Appellant*

v.

City of Independence, MO.; Ray County, MO.; Aleisa Moeller; Margaret Farnan

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: November 17, 2015
Filed: July 18, 2016

_____

Before COLLOTON, GRUENDER, and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Randall Ray Corwin appeals the district court's[1] grant of summary judgment and judgment on the pleadings in this 42 U.S.C. § 1983 action. We affirm.

----

[1]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

## I.

On October 30, 2012, during an altercation with his nephew, Corwin injured his hand. The nephew called police, and officers with the Independence, Missouri Police Department arrested Corwin and transported him to the Independence Detention Unit. During transport and upon arrival at the Detention Unit, Corwin claims he complained about his hand, but his complaints were ignored. The next day, Corwin was transferred to the Ray County Correctional Facility. The City of Independence had a contract with Ray County for use of its detention facility for Independence's detainees.

On Thursday, November 1, Corwin submitted an inmate request form stating he needed assistance for a "broke hand." On that day, Corwin saw jail nurse Aleisa Moeller who examined Corwin's hand. Corwin alleges that Moeller advised that she would have him transported to an emergency room upon approval from the City of Independence. Corwin claims the City of Independence directed Moeller to have Corwin see the doctor used by the Ray County Correctional Facility instead of transporting him to the emergency room. Moeller provided Corwin a prescription for Ibuprofen and applied an ACE wrap to his wrist. She also placed Corwin on the list of inmates to be transported to the doctor when transportation and an appointment were available. Moeller did this by placing Corwin's request form in a certain folder established for inmates needing to see the contract jail doctor. The record contains no evidence as to what steps were taken after November 1 to obtain a doctor's appointment and transport for Corwin. Corwin was released from the Ray County Correctional Facility on Tuesday, November 6, before he was able to be transported to the contract doctor for treatment.

Corwin obtained treatment from the Centerpointe Medical Center after his release. He asserts the fracture in his wrist had begun setting improperly and as a result he had to undergo surgery and extensive physical therapy, although his counsel

conceded at oral argument that there is no medical evidence in the summary judgment record to support the assertion that the delay in treatment worsened his condition. Despite the surgery and therapy, Corwin maintains that his hand does not function properly, he continues to suffer pain, and he is unable to work.

Corwin brought this section 1983 action against jail nurse Moeller and jail administrator Margaret Farnan. He also named the City of Independence and Ray County as defendants. The district court granted summary judgment to Moeller and Farnan and judgment on the pleadings to the City of Independence and Ray County.

## II.

Our review of the district court's grant of summary judgment to Moeller and Farnan is de novo, viewing the facts in the light most favorable to Corwin. See Meuir v. Greene Cnty. Jail Emps., 487 F.3d 1115, 1118 (8th Cir. 2007). Entry of summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

## A.

Corwin asserts that Moeller acted with deliberate indifference to his serious medical needs in two ways (1) by failing to properly care for his broken hand and (2) by not taking "affirmative, deliberate steps" to secure additional medical care for him beyond placing him on the list of prisoners to be seen by the doctor. Prisoners and pretrial detainees are protected under the Constitution from a state actor's deliberate indifference towards the inmate's serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 104 (1976); Davis v. Oregon Cnty., Mo., 607 F.3d 543, 548 (8th Cir. 2010). "Deliberate indifference has both an objective and a subjective component." Butler v. Fletcher, 465 F.3d 340, 345 (8th Cir. 2006). The objective component requires a

plaintiff to demonstrate an objectively serious medical need. Grayson v. Ross, 454 F.3d 802, 808-09 (8th Cir. 2006); Moore v. Jackson, 123 F.3d 1082, 1086 (8th Cir. 1997). The subjective component requires a plaintiff to show that the defendant actually knew of, but deliberately disregarded, such need. Grayson, 454 F.3d at 808; Moore, 123 F.3d at 1086. The parties do not dispute that Corwin's fractured hand was an objectively serious medical need.

In response to Corwin's complaint, Moeller examined his hand, prescribed over-the-counter pain medication, and applied an ACE bandage wrap to his hand. Moeller also placed Corwin's complaint form in a certain folder that had the effect of placing him on the list of prisoners to be transported to see the detention facility's contract doctor. Corwin claims that this was inadequate care at the time of treatment. Corwin claims that Moeller should have provided more aggressive treatment for his injured hand, but this asserts only a claim of negligence which is insufficient to maintain a section 1983 claim. See Popoalii v. Corr. Med. Servs., 512 F.3d 488, 499 (8th Cir. 2008) (deliberate indifference requires more than gross negligence or disagreement with treatment decisions; "[d]eliberate indifference is akin to criminal recklessness"); see also Langford v. Norris, 614 F.3d 445, 460 (8th Cir. 2010) (inmate must prove defendants knew of, but deliberately disregarded, objectively serious medical need); Moore v. Duffy, 255 F.3d 543, 545 (8th Cir. 2001) (mere negligence does not support constitutional violation).

Corwin also claims that Moeller caused a delay in his receiving treatment for his injured hand because she failed to obtain more timely medical care from a doctor, either through a visit to the emergency room or by securing a more timely appointment for him with the detention facility's contract doctor. Corwin alleges that after he was released from the detention facility he sought medical care from a doctor. He claims that doctor told Corwin the fracture had begun to heal improperly and as a result Corwin would have to undergo surgery to repair the fracture. At argument, Corwin's attorney conceded that no medical evidence existed in the record to support

the claim that the five-day delay in medical care caused Corwin to suffer a detrimental effect. Therefore, the district court properly granted summary judgment to Moeller on this claim. See Laughlin v. Schriro, 430 F.3d 927, 929 (8th Cir. 2005) (affirming grant of summary judgment where inmate based claim on treatment delays but did not "place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment" (quoting Crowley v. Hedgepeth, 109 F.3d 500, 502 (8th Cir. 1997))); see also Johnson v. Hamilton, 452 F.3d 967, 973 (8th Cir. 2006) (holding one-month delay between nurse's tentative diagnosis of a fractured finger and the date the inmate's finger was X-rayed resulted from, at most, negligence, and therefore the claim of deliberate indifference failed).

## B.

Corwin claims that Farnan was deliberately indifferent to his serious medical needs when, as jail administrator, she failed to secure a timely transport to the detention facility's contract doctor. The summary judgment record does not indicate that Farnan was ever aware of Corwin's medical condition. Corwin argues Farnan should have known about his serious medical need because it was her responsibility to schedule transportation to see the doctor. "But '[i]t is not enough merely to find that a reasonable person would have known [about the risk], or that [the officer] should have known' about the risk." Krout v. Goemmer, 583 F.3d 557, 567 (8th Cir. 2009) (alterations in original) (quoting Farmer v. Brennan, 511 U.S. 825, 843 n.8 (1994)). Instead, Corwin has to show that Farnan "was actually aware of a serious medical need, but deliberately disregarded it." Vaughn v. Gray, 557 F.3d 904, 909 (8th Cir. 2009). The district court properly entered summary judgment in favor of Farnan. Even if Corwin could show that Farnan knew of his injury due to her job as jail administrator and that it was her responsibility to schedule appointments with a doctor for those on the list, as explained above, the summary judgment record is devoid of any verifying medical evidence, such as medical records or an affidavit

from a doctor, that the delay in treatment caused Corwin to suffer a detrimental effect to his hand.

III.

The district court granted judgment on the pleadings on Corwin's claims against the City of Independence and Ray County. See Fed. R. Civ. P. 12(c). Against these defendants, Corwin asserted that unconstitutional customs or polices deprived him of receiving required medical care. We review a district court's grant of a motion for judgment on the pleadings de novo. JPMorgan Chase Bank, N.A. v. Johnson, 719 F.3d 1010, 1014 (8th Cir. 2013). "We accept as true all facts pleaded by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party." Faibisch v. Univ. of Minn., 304 F.3d 797, 803 (8th Cir. 2002).

Section 1983 liability for a constitutional violation may attach to a municipality if the violation resulted from (1) an "official municipal policy," Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978), (2) an unofficial "custom," id.; or (3) a deliberately indifferent failure to train or supervise, see City of Canton, Ohio v. Harris, 489 U.S. 378, 389 (1989).[2] Policy and custom are not the same thing. "[A] 'policy' is an official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." Mettler v. Whitledge, 165 F.3d 1197, 1204 (8th Cir. 1999). Alternatively, a plaintiff may establish municipal liability through an unofficial custom of the municipality by demonstrating "(1) the existence of a continuing, widespread, persistent pattern of

---

[2]In his complaint, Corwin brought a "failure to train" claim, however he has not argued that the district court erred in granting judgment on the pleadings as to this claim, and thus it is waived. See Meyers v. Starke, 420 F.3d 738, 743 (8th Cir. 2005) ("To be reviewable, an issue must be presented in the brief with some specificity. Failure to do so can result in waiver.").

unconstitutional misconduct by the governmental entity's employees; (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and (3) that plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation." Snider v. City of Cape Girardeau, 752 F.3d 1149, 1160 (8th Cir. 2014).

In his complaint, Corwin alleges the City of Independence and Ray County "entered into an oral agreement to stray from their Agreement for Detention Services" and that this "created a custom and/or policy of not taking injured Independence prisoners, with non-life threatening injuries," to the emergency room. As Corwin has not alleged that there was an official, adopted policy stating such, he is necessarily arguing that there was a custom of not adhering to the official policy. Despite this claim, however, Corwin did not allege there was a "continuing, widespread, persistent pattern of unconstitutional misconduct" in the form of denying emergency care to inmates in need of that care. He only alleges that he was denied emergency care, and "[g]enerally, an isolated incident of alleged . . . misconduct . . . cannot, as a matter of law, establish a municipal policy or custom creating liability under § 1983." Ulrich v. Pope Cnty., 715 F.3d 1054, 1061 (8th Cir. 2013). Furthermore, in light of our upholding of the grant of summary judgment to the individual defendants on Corwin's underlying substantive claim, municipal liability cannot succeed as a matter of law. See McCoy v. City of Monticello, 411 F.3d 920, 922 (8th Cir. 2005) ("This circuit has consistently recognized a general rule that, in order for municipal liability to attach, individual liability first must be found on an underlying substantive claim."). Accordingly, the district court properly entered judgment on the pleadings against the municipal defendants.

IV.


Accordingly, we affirm the district court's grant of summary judgment to Moeller and Farnan and the entry of judgment on the pleadings to the City of Independence and Ray County.

_____