# United States Court of Appeals

## For the Eighth Circuit

_____

No. 17−1644

_____

Kerrie Gene Mick,

*Plaintiff - Appellant*,

v.

Wes Raines; Harold Allison, Presiding; Garrett Brown, Deputy #711; Randy
Simms, Presiding Commissioner; Larry King; David Parker, Jailer #723; Jason
Keough; John Patterson, Deputy #712; Jeffrey Parton; Samuel Woolsey, Officer;
Charlie Dawson,

*Defendants - Appellees*,

Jerry Ramos, Badge #601,

*Defendant*,

Bob Gray, Administrator; Wade Wilken,

*Defendants - Appellees*,

Robert Smock, Chief,

*Defendant*,

Porter Hensen, Sheriff; Ben Becerra, Sheriff; Lt. Devin Lacy,

*Defendants - Appellees*,

Dr. Paul B. Glynn,

*Defendant*.

_____

Appeal from United States District Court
for the Western District of Missouri - St. Joseph

_____

Submitted: November 15, 2017
Filed: March 5, 2018

_____

Before COLLOTON and GRUENDER, Circuit Judges, and HOLMES,[1] District Judge.

_____

HOLMES, District Judge.

Plaintiff Kerrie Gene Mick appeals the judgment of the district court.[2] Three orders are before us on appeal. The first granted the motion to dismiss filed by Defendants Porter Hensen, Wade Wilken, Larry King, and Charlie Dawson and the motion to dismiss filed by Defendants Bob Gray, Harold Allison, Randy Simms, Ben Becerra, and Wes Raines. The second granted the motion for summary judgment filed by Defendants John Patterson, Garrett Brown, David Parker, and Jeffrey Parton. The third granted the motion for summary judgment filed by Defendants Samuel Woolsey, Jason Keough, and Devin Lacy. We affirm.

_____

[1] The Honorable P.K. Holmes, III, Chief Judge, United States District Court for the Western District of Arkansas, sitting by designation.

[2] The Honorable Beth Phillips, United States District Judge for the Western District of Missouri.

I.

The parties have disputed some of the facts of this case. Where there are factual disputes, we base the following summary on accounts provided by Mick. *See Mettler v. Whitledge*, 165 F.3d 1197, 1200 (8th Cir. 1999) ("When reviewing a grant or denial of summary judgment, this Court considers the evidence in the light most favorable to the nonmoving party and draws all reasonable inferences in that party's favor.").

Mick was arrested without probable cause by officers who entered his mother's home without a warrant, permission, or probable cause. He was shocked with a Taser and subjected to physical force during that time. He was then transported by ambulance to Clinton County Jail.

There, the jailers refused to call his mother to bring him his prescription medication. At booking, when Mick refused to remove a ring, he was taken to the ground, handcuffed, had his head beaten on the floor, was choked, and was punched in the kidneys. He screamed in pain and begged for help during this process. No medical attention was provided thereafter, and Mick was moved to the "drunk tank." There he was beaten on two other occasions, and his shoulder was slammed in the cell door, causing his arm to break. He requested medical attention and none was provided.

Mick was then transferred to Daviess/DeKalb Regional Jail ("Regional Jail"). When officers arrived to transfer Mick, he complained of pain in his arm. Despite Mick's complaints, an officer shackled his arm to the wall of his cell. Mick stiffened and was then forced to the ground and put in wrist restraints. Mick again complained of pain and was given no medical attention. He was told to stand, but one of the officers stood on his manacles, making it impossible for him to get up, so officers again beat him. Mick was not taken to the hospital

while en route to the Regional Jail. While being booked into the Regional Jail, Mick complained about his arm but was given no medical attention. He was placed into a cell, made repeated requests for medical attention, and was refused. He was instead handcuffed and placed on a mace-covered floor. When the shift changed, a sergeant noticed Mick's condition and called for medical assistance. All charges against Mick were dismissed by prosecuting attorneys.

Mick brought suit in Missouri state court. The matter was subsequently removed to the United States District Court for Western District of Missouri. Mick asserted 42 U.S.C. § 1983 claims for use of excessive force, unreasonable search and seizure based on his arrest, failure to protect, conspiracy to deprive Mick of constitutional rights, unconstitutional policy, procedure, or widespread practice, and danger creation. Some defendants answered, and some filed motions to dismiss on the basis that the counts naming them were unsupported by factual allegations. Mick requested leave to amend his complaint, received it, and filed what was styled as an "amended complaint." Additional motions to dismiss were filed on the same basis as the previous motions, and were granted.

Mick later filed a "second amended complaint," which included additional claims for deliberate indifference to medical risk. Two motions for summary judgment were subsequently filed. The motions were granted on the basis that Mick was unable to show a dispute of fact with respect to whether unconstitutional misconduct was caused by official policy, unofficial custom, or failure to train or supervise. This appeal followed.

## II.

Mick contends that the district court erred in entering an order granting the motion to dismiss filed by Defendants Hensen, Wilken, King, and Dawson and the motion to dismiss filed by Defendants Gray, Allison, Simms, Becerra, and Raines.

We disagree.

"Our review of an order granting a motion to dismiss is de novo." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005).

The district court's order dismissed Mick's § 1983 claims for unconstitutional policy, procedure or widespread practice, and danger creation. In dismissing these claims, the district court correctly noted that Mick made no allegations that the defendants named in the relevant counts had knowledge of unconstitutional acts by subordinates – a required element of each claim – nor did he make any allegations from which such knowledge could be inferred. *See Livers v. Schenck*, 700 F.3d 340, 355 (8th Cir. 2012) (A supervisor may be liable under § 1983 only if he had "notice of a pattern of unconstitutional acts committed by subordinates.").

Further, the district court previously dismissed the same claims on the grounds that they were conclusory and not supported by factual allegations. In that order, the district court gave Mick the opportunity to file an amended complaint alleging sufficient factual material to state a plausible claim for relief. In attempting to address the deficiency, rather than plead more facts, Mick just pled additional conclusions of law. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not sufficient to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Accordingly, the district court did not err in granting the motions to dismiss.

III.

Mick contends that the district court erred in entering an order granting the motion for summary judgment filed by Defendants Patterson, Brown, Parker, and

Parton and in entering an order granting the motion for summary judgment filed by Defendants Woolsey, Keough, and Lacy.

We review "a district court's grant of summary judgment de novo, affirming if 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *B.M. ex rel. Miller v. S. Callaway R-II Sch. Dist.*, 732 F.3d 882, 886 (8th Cir. 2013) (quoting Fed. R. Civ. P. 56(a)).

As a threshold matter, the district court correctly determined that none of the defendants requesting summary judgment were named in their individual capacities, and were deemed to be sued in their official capacities only. "This court has held that, in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). Nowhere in any of the complaints filed does Mick expressly and unambiguously state that any defendant was sued in his individual capacity. Accordingly, the district court properly treated Clinton County and the Regional Jail as the actual defendants.

Moving to the motions for summary judgment, the district court correctly determined that the record lacked the facts necessary to impose liability on a municipality for its employees' constitutional violations. "Section 1983 liability for a constitutional violation may attach to a municipality if the violation resulted from (1) an 'official municipal policy,' (2) an unofficial 'custom,' or (3) a deliberately indifferent failure to train or supervise." *Corwin v. City of Independence., MO.*, 829 F.3d 695, 699 (8th Cir. 2016) (citations omitted). There is no question that Defendants have official policies that are directed not only at searches and seizures, the use of force, and provision of medical care, but that are directed at ensuring that Defendants can review their own compliance with those

-6-

policies. For example, each use of force requires a report. There is also no evidence to contravene Defendants' assertion that employees are trained in constitutional policies. Thus, Mick must rest his entire argument on the existence of an unofficial custom from which the constitutional violation resulted.

> [A] plaintiff may establish municipal liability through an unofficial custom of the municipality by demonstrating "(1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and (3) that plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation."

*Id.* at 700 (citation omitted).

Mick attempts to make this showing through affidavits of other detainees. The affidavits Mick relies on largely comprise inadmissible hearsay, and Federal Rule of Civil Procedure 56 requires the nonmoving party to cite admissible evidence to survive summary judgment. *Jenkins v. Winter*, 540 F.3d 742, 748 (8th Cir. 2008) ("When an affidavit contains an out-of-court statement offered to prove the truth of the statement that is inadmissible hearsay, the statement may not be used to support or defeat a motion for summary judgment.").

Even if the affidavit testimony were admissible evidence, Mick does not identify a sufficient number of unconstitutional acts to support an inference of deliberate indifference to employee misconduct. This Court has previously discussed the heavy burden required to establish municipal liability through an unofficial custom:

-7-

This Court has held municipalities liable ... when the plaintiffs have produced evidence of prior complaints sufficient to demonstrate that the municipalities and their officials ignored police misconduct. *See, e.g., Parrish v. Luckie*, 963 F.2d 201, 204–05 (8th Cir. 1992) (reviewing the "detailed and compelling" evidence the plaintiff presented that the defendant police department avoided, ignored, and covered up complaints of physical and sexual misconduct by officers); *Harris v. City of Pagedale*, 821 F.2d 499, 501–06 (8th Cir.) (finding a plaintiff had proven a municipal custom through the presentation of detailed evidence regarding the particular police officer's previous misconduct, and the city's failure to investigate or punish that conduct), *cert. denied,* 484 U.S. 986, 108 S.Ct. 504, 98 L.Ed.2d 502 (1987). However, when the plaintiff has not made such a showing, the mere existence of previous citizens' complaints does not suffice to show a municipal custom of permitting or encouraging excessive force. *See Rogers v. City of Little Rock*, 152 F.3d 790, 799 (8th Cir. 1998).

*Mettler*, 165 F.3d at 1205. Mick has not presented sufficient evidence to meet this burden. Just as citizens' complaints were insufficient in *Mettler*, the affidavits of three detainees describing alleged constitutional violations are not sufficient to establish a genuine issue of material fact regarding whether there was a widespread custom or practice of unconstitutional misconduct, known to and unaddressed by policymaking officials.

Accordingly, Mick failed to allege sufficient facts to establish municipal liability, and the district court did not err in granting the motions for summary judgment.

IV.

The district court's judgment is affirmed in all respects.

_____