# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-2814

_____

William Scott Sours

*Plaintiff - Appellant*

v.

Chad Karr, City of Duquesne, MO Police Officer; Tommy Kitch, City of
Duquesne, MO Chief of Police; J. Bland, City of Joplin, MO K-9 Officer; Darren
McIntosh, City of Joplin, MO Police Department Detective

*Defendants - Appellees*

Dean Dankelson, Jasper County Prosecuting Attorney

*Defendant*

_____

Appeal from United States District Court
for the Western District of Missouri - Joplin

_____

Submitted: December 5, 2019
Filed: December 10, 2019
[Published]

_____

Before LOKEN, WOLLMAN, and KELLY, Circuit Judges.

_____

PER CURIAM.

William Sours appeals the district court's adverse grant of summary judgment in this 42 U.S.C. § 1983 action against City of Duquesne police chief Tommy Kitch, City of Duquesne police officer Chad Karr, and City of Joplin police officers Jeremy Bland and Darren McIntosh. For the following reasons, we affirm in part, vacate in part, and remand for further proceedings.

First, we conclude that the district court properly granted summary judgment on Sours's official-capacity claims. See Parrish v. Ball, 594 F.3d 993, 997 (8th Cir. 2010) (official-capacity suit against municipal official is suit against municipality); see also Mick v. Raines, 883 F.3d 1075, 1079-80 (8th Cir. 2018) (de novo review of grant of summary judgment; discussing municipal liability under § 1983). We further conclude that Chief Kitch was entitled to summary judgment in his individual capacity. See Brockinton v. City of Sherwood, 503 F.3d 667, 673 (8th Cir. 2007) (discussing failure-to-supervise and failure-to-train claims).

Next, we conclude that the district court properly granted summary judgment on Sours's claim that Karr violated his rights by conducting a traffic stop of his vehicle. See United States v. Washington, 455 F.3d 824, 826 (8th Cir. 2006) (traffic stop is reasonable if it is supported by probable cause or articulable and reasonable suspicion that traffic violation has occurred). We also conclude that the district court did not err in granting summary judgment on Sours's claim that Karr violated his rights by extending the traffic stop for a drug-dog sniff, because, at the time of the May 2014 traffic stop, it was not clearly established that the extension of the stop was unconstitutional. See Pearson v. Callahan, 555 U.S. 223, 232 (2009) (official is entitled to qualified immunity if, at time of violation, it was not clearly established that conduct was unconstitutional); see also United States v. Rodriguez, 741 F.3d 905, 907 (8th Cir. 2014), vacated and remanded 135 S. Ct. 1609 (2015). In addition, we conclude that Karr and Bland were entitled to summary judgment on Sours's claim that they violated his rights by searching his truck. See United States v. Olivera-Mendez, 484 F.3d 505, 512 (8th Cir. 2007) (alert by reliable drug dog is

sufficient to establish probable cause for presence of controlled substance; if probable cause justifies search of lawfully stopped vehicle, it justifies search of every part of vehicle and its contents that may conceal object of search). In addition, McIntosh was entitled to summary judgment on Sours's claim related to his arrest on a stolen-property charge, as it was beyond genuine dispute that, when McIntosh submitted his probable cause statement, he was aware of facts warranting a belief that Sours had possessed stolen property. See United States v. Perry, 908 F.3d 1126, 1129 (8th Cir. 2018) (probable cause exists if facts and circumstances are sufficient to warrant person of reasonable caution to believe person to be arrested has committed offense).

Sours also asserted a claim that Karr violated his rights by arresting him for violating a City of Duquesne obstruction ordinance. We conclude that the district court did not resolve the issues surrounding that claim with sufficient clarity to allow for effective appellate review.[1] See TriMed, Inc. v. Stryker Corp., 608 F.3d 1333, 1342-43 (Fed. Cir. 2010) (district court must state its reasons for granting summary judgment when its underlying holdings would otherwise be ambiguous or unascertainable); cf. Robbins v. Becker, 715 F.3d 691, 694 (8th Cir. 2013) (district court must resolve issues surrounding qualified immunity with sufficient clarity to allow for effective appellate review).

---

[1]While we express no opinion as to the merits of this claim, we note that it is unclear whether the obstruction charge remains pending in the municipal court, whether the allegedly obstructive conduct occurred in the City of Duquesne, and whether there was at least arguable probable cause to support the arrest. See Wallace v. Kato, 549 U.S. 384, 393-94 (2007); Tony Alamo Christian Ministries v. Selig, 664 F.3d 1245, 1249 (8th Cir. 2012); see also Hoyland v. McMenomy, 869 F.3d 644, 652-58 (8th Cir. 2017); cf. State v. M.L.S., 275 S.W.3d 293, 299 (Mo. Ct. App. 2008) (interpreting Mo. Rev. Stat. § 576.030).

Accordingly, we vacate the grant of summary judgment on Sours's claim that Karr violated his rights by arresting him for obstruction, remand for further consideration of that claim, and affirm in all other respects.

———————————————