# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 19-1527

———————————————

Mildred Crowder, as Personal Representative of the Estate of Timothy Johnson,
Deceased other Timothy Johnson

*Plaintiff - Appellant*

v.

City of Manila, Arkansas; Jared Camp, Individually; Jackie Hill, Individually

*Defendants - Appellees*

——————————

Appeal from United States District Court
for the Eastern District of Arkansas - Jonesboro

——————————

Submitted: January 14, 2020
Filed: March 6, 2020
[Unpublished]

——————————

Before BENTON, KELLY, and GRASZ, Circuit Judges.

——————————

PER CURIAM.

Mildred Crowder appeals after the district court dismissed, based on qualified
immunity, her action involving federal and state-law civil rights claims related to the
July 2015 fatal shooting of her son, Timothy Johnson, by Jared Camp, a police officer

employed by the City of Manila, Arkansas. Having jurisdiction under 28 U.S.C. § 1291, we reverse and remand for further proceedings.

First, we conclude that, accepting the allegations in the complaint as true and drawing all reasonable inferences in Crowder's favor, she stated a viable 42 U.S.C. § 1983 claim for the violation of Johnson's Fourth Amendment right to be free from excessive force. See Jones v. Douglas Cty. Sheriff's Dep't, 915 F.3d 498, 499 (8th Cir. 2019) (standard of review); see also Jackson v. Stair, 944 F.3d 704, 710-11 (8th Cir. 2019) (standard for qualified immunity). Specifically, Crowder alleged facts indicating that Johnson did not pose an immediate threat of serious physical harm to Camp or others when Camp shot him. Cf. Partridge v. City of Benton, 929 F.3d 562, 565-67 (8th Cir. 2019) (use of deadly force is not justified if person poses no immediate threat to officer or others; district court erred in granting judgment on pleadings based on qualified immunity because, accepting facts in complaint as true and drawing all reasonable inferences in plaintiff's favor, complaint established that officer shot non-resisting, non-fleeing subject as he moved gun away from his head in compliance with officer's command). Furthermore, in July 2015, it was clearly established that Camp could not use deadly force unless Johnson posed an immediate threat of serious physical harm to Camp or others. See Jackson, 944 F.3d at 711 (right is clearly established if its contours are sufficiently clear that reasonable officer would understand that what he is doing violates right); see also Nance v. Sammis, 586 F.3d 604, 611 (8th Cir. 2009) ("Existing case law would have made it sufficiently clear to a reasonable officer that a suspect cannot be apprehended by use of deadly force unless that individual poses a threat of serious physical harm."). We also conclude that Crowder's section 1983 failure-to-train claim and her claim under the Arkansas Civil Rights Act (ACRA) were viable. See Mick v. Raines, 883 F.3d 1075, 1079 (8th Cir. 2018) (§ 1983 liability may attach to municipality if constitutional violation by municipal employee resulted from deliberately indifferent failure to train); see also Brewington v. Keener, 902 F.3d 796, 800 n.3 (8th Cir. 2018) (ACRA excessive-force claims are analyzed pursuant to decisions interpreting § 1983).

Next, we conclude that it was premature to dismiss Crowder's American with Disabilities Act (ADA) and Rehabilitation Act (RA) claims against the City because they show it was possible Camp failed to reasonably accommodate Johnson's disability during the encounter. See DeBoise v. Taser Int'l, Inc., 760 F.3d 892, 899 (8th Cir. 2014) (whether officers reasonably accommodated person's disability is a highly fact-specific inquiry that depends on the circumstances of each case); Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999) (qualified immunity is not available to government entities); Gorman v. Bartch, 152 F.3d 907, 911-12 (8th Cir. 1998) (cases interpreting either the ADA or RA are "applicable and interchangeable").[1]

Accordingly, we reverse and remand for further proceedings.

_____

---

[1]Crowder also asserted failure-to-supervise and failure-to-intervene claims; however, on appeal, she makes no meaningful argument as to the dismissal of those claims. See Ahlberg v. Chrysler Corp., 481 F.3d 630, 638 (8th Cir. 2007) (issues not meaningfully argued are waived).