# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-3211
_____

Allen Miles

*Plaintiff - Appellant*

v.

Eric Higgins, Sheriff, P.C.R.D.F.; Bertha Lowe, Medical Administration, P.C.R.D.F.

*Defendants - Appellees*

U.S. Marshall, Eastern District of Arkansas; Pulaski County Detention Facility

*Defendants*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central
_____

Submitted: June 16, 2022
Filed: June 27, 2022
[Unpublished]
_____

Before ERICKSON, GRASZ, and KOBES, Circuit Judges.
_____

PER CURIAM.

Allen Miles appeals the district court's[1] adverse grant of summary judgment in his pro se 42 U.S.C. § 1983 action. Upon de novo review, see Morris v. Cradduck, 954 F.3d 1055, 1058 (8th Cir. 2020) (standard of review), we affirm. We find that Miles did not show that defendant Higgins was involved in his allegedly inadequate medical care or bunk assignments, see Boyd v. Knox, 47 F.3d 966, 968-69 (8th Cir. 1995) (supervisor could not be held liable on respondeat superior theory, and was not liable absent evidence that he knew of but disregarded inmate's delayed medical care); or that defendant Lowe actually knew of Miles's serious medical need, see Corwin v. City of Independence, 829 F.3d 695, 699 (8th Cir. 2016) (jail administrator was not deliberately indifferent where detainee showed that she was responsible for scheduling his transportation to see doctor, but not that she actually knew of his serious medical need). As to the official-capacity claims, we find that Miles offered no evidence of a pattern of unconstitutional conduct that led to his injuries. See id. at 699-700 (county may be liable if constitutional violation resulted from unofficial custom, shown by continuing, widespread, persistent pattern of unconstitutional conduct by county's employees, and county's deliberate indifference to that conduct). We reject Miles's argument that the district court should have applied the prison mailbox rule to his untimely-filed objections to the magistrate judge's report, see Henderson-El v. Maschner, 180 F.3d 984, 985-86 (8th Cir. 1999) (inmate could not invoke prison mailbox rule where record established only date filing was signed and date it was ultimately filed); and find no abuse of discretion in the denial of Miles's post-judgment motion, see Schoffstall v. Henderson, 223 F.3d 818, 827 (8th Cir. 2000); Broadway v. Norris, 193 F.3d 987, 989-90 (8th Cir. 1999).

The judgment is affirmed. See 8th Cir. R. 47B.

_____

[1]The Honorable Billy Roy Wilson, United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable Patricia S. Harris, United States Magistrate Judge for the Eastern District of Arkansas.