# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-3858
_____

Nathan Rinne,

*Plaintiff - Appellee,*

v.

Camden County; Camden County Commission; Greg Hasty,

*Defendants - Appellants.*
_____

Appeal from United States District Court
for the Western District of Missouri - Jefferson City
_____

Submitted: November 15, 2022
Filed: April 13, 2023
_____

Before COLLOTON, SHEPHERD, and GRASZ, Circuit Judges.
_____

COLLOTON, Circuit Judge.

In March 2021, the Camden County Commission voted to ban Nathan Rinne from county property for one year because he allegedly disrupted and harassed county officials and employees. Rinne sued Camden County, the Camden County Commission, and Commissioner Greg Hasty. He alleged that the defendants retaliated against him for exercising his rights under the First Amendment. He

brought a damages claim against Hasty, and sought a preliminary injunction against all defendants to prevent enforcement of the ban.

The district court[*] entered the requested injunction and denied Hasty's motion to dismiss based on qualified immunity. We conclude that the complaint adequately alleges that Hasty violated clearly established rights of Rinne, and thus affirm the denial of the motion to dismiss. Because the ban excluding Rinne from county property would have expired by its own terms in March 2022, we conclude that the appeal from the order granting the injunction is moot.

I.

The Camden County Commission is a governmental entity composed of three elected commissioners. Hasty is the Presiding Commissioner, and the Commission acts by majority vote. *See* Mo. Rev. Stat. §§ 49.010, 49.070. The Commission's authority includes the power to regulate the use of county property. Mo. Const. Art. VI § 7; Mo. Rev. Stat. §§ 49.010, 49.266.

Rinne is a resident of Camden County. In December 2020 and continuing into 2021, Rinne attended Commission meetings and criticized various actions of the county, including the county's maintenance of a gravel road on private property, the purchase of a building from a legal advisor to the Commission, and a confrontation between county maintenance workers and Commissioner James Gohagan. Rinne also criticized the Commission and Hasty on social media websites, including Facebook. Rinne contends that Hasty knew of his criticism on social media because during at least one Commission meeting, Hasty referred to Rinne's posts from Facebook.

---

[*]The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri.

-2-

Rinne also contends that the Commission and Hasty disapproved of Rinne's criticism at public meetings and on social media.

On March 2, 2021, the Commission held a closed meeting and voted two to one to ban Rinne from Camden County property for one year. Hasty voted for the ban. Rinne later received a letter from the Commission informing him he was banned "for disruptive conduct and harassment conduct of County elective officials and employees." The letter said that "[i]f you are found to be on Camden County property during this one year period, law enforcement officers will be instructed to remove and escort you from the property." Rinne contends that the Commission's explanation for the ban was pretextual, and that its "true motive" was to "censor [him] and prevent him from sharing his viewpoints on public matters." During the one-year ban, in March 2021, Rinne entered county property to vote in a local election, but was not removed or charged with trespassing.

Rinne then sued Hasty under 42 U.S.C. § 1983. He alleged that by casting a deciding vote for the ban, Hasty retaliated against Rinne's exercise of rights under the First Amendment. Rinne alleges that the ban prevents him from attending Commission meetings and deters him from speaking about matters of public concern. He also sought an injunction against enforcement of the ban.

Hasty moved to dismiss on the basis of qualified immunity. He argued that Rinne failed to allege a violation of the First Amendment, and that the law was not clearly established that a voting member of a governmental body could be held liable for his vote. The district court denied the motion, concluding that "every elected official would recognize" that the ban violated Rinne's constitutional rights.

During the proceedings in the district court, on October 15, 2021, the Commission sent Rinne a letter repealing the ban and asserting that it would not reinstate the ban at any time. The defendants then argued that Rinne's request for a

preliminary injunction was moot. The district court disagreed and said the defendants should not be able to "issue such an overreaching ban only to lift it when they desire and avoid any consequence." The district court then entered an injunction that prevented the defendants from enforcing the ban and from "instituting any similar ban(s) based upon the reasons previously submitted as the basis for the ban or based on Plaintiff's peaceful expression of his political beliefs or criticism of county officials or policies."

## II.

We consider first Hasty's appeal based on qualified immunity. A public official enjoys qualified immunity from suit under 42 U.S.C. § 1983 unless a plaintiff shows that the official's alleged conduct violated one of the plaintiff's clearly established constitutional rights. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). To survive a motion to dismiss, a complaint must state a plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). We accept the complaint's factual allegations as true and view them in the light most favorable to the plaintiff. *T.S.H. v. Green*, 996 F.3d 915, 918 (8th Cir. 2021).

Hasty first argues that Rinne failed to allege a violation of his right to be free from retaliation for exercising his First Amendment rights. To establish a First Amendment retaliation claim, a plaintiff must show that "(1) he engaged in a protected activity, (2) the government official took adverse action against him that would chill a person of ordinary firmness from continuing in the activity, and (3) the adverse action was motivated at least in part by the exercise of the protected activity." *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004).

Rinne plausibly alleged that he participated in activity that was protected by the First Amendment. Criticism of public officials and the administration of governmental policies "lies at the heart of speech protected by the First Amendment."

-4-

*Williams v. City of Carl Junction*, 480 F.3d 871, 874 (8th Cir. 2007). Rinne's criticism of Hasty and the Commission's policies at public meetings and on social media is therefore protected by the First Amendment.

Hasty next argues that a person of ordinary firmness would not have been deterred by the Commission's ban, because Rinne continued to criticize Hasty and the Commission after the action was implemented. The "ordinary-firmness" test is objective, however, so the question is not simply whether the plaintiff himself was deterred. *Bennie v. Munn*, 822 F.3d 392, 400 (8th Cir. 2016); *Garcia v. City of Trenton*, 348 F.3d 726, 729 (8th Cir. 2003). Assuming without deciding that we may consider Rinne's social media posts criticizing Hasty and the Commission after March 2, 2021, they do not warrant judgment for Hasty. Even if Rinne was "unusually resilient and determined," the proper inquiry is whether the ban would have chilled a person of ordinary firmness from continuing to speak. *Bennie*, 822 F.3d at 400.

Rinne plausibly alleged that the ban was an adverse action that would have chilled a person of ordinary firmness from continuing to criticize Hasty and the Commission. We have distinguished between non-actionable retaliatory measures that produce only "embarrassment, humiliation and emotional distress," *see Naucke v. City of Park Hills*, 284 F.3d 923, 928 (8th Cir. 2002), and steps that engage "the punitive machinery of government" to impose "concrete consequences" in retaliation for speaking out against the government. *Garcia*, 348 F.3d at 729. A prohibition on entering county property is a concrete consequence that would objectively chill a person of ordinary firmness from criticizing county commissioners. Although the county did not prosecute Rinne for violating the ban, the prohibition itself and the threat of enforcement are sufficient to produce a chilling effect on speech. *Bennie*, 822 F.3d at 399; *Garcia*, 348 F.3d at 729.

Rinne also plausibly alleges that the ban was motivated by his criticism of Hasty and the Commission. *See Osborne v. Grussing*, 477 F.3d 1002, 1005 (8th Cir. 2007). Rinne alleges that beginning in December 2020, he criticized Hasty and the Commission about their handling of various matters of public concern. The complaint asserts that Hasty disapproved of Rinne's criticism and referred to Rinne's comments during a public commission meeting. Rinne alleges that "[s]oon thereafter," in March 2021, the Commission banned him from county property. The allegation that Hasty knew and openly disapproved of Rinne's criticism, and then acted shortly thereafter to take adverse action, supports a plausible inference at the pleading stage that Hasty acted with retaliatory motive in voting for the ban. *See Peterson v. Kopp*, 754 F.3d 594, 603 (8th Cir. 2014); *L.L. Nelson Enters., Inc. v. County of St. Louis*, 673 F.3d 799, 809 (8th Cir. 2012).

It was clearly established at the time of the Commission's action that a government official may not retaliate against a citizen for the exercise of his First Amendment rights. *Hartman v. Moore*, 547 U.S. 250, 256 (2006). Hasty argues, however, that the law was not clearly established that a single voting member of a multi-member governing body could be liable for casting a vote in favor of a retaliatory action. In this case, he argues that his particular vote was not a but-for cause of the ban imposed against Rinne.

A right is clearly established if "a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). Existing precedent need not be directly on point, but it must place the constitutionality of the official's conduct "beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011). "The dispositive question is 'whether the violative nature of *particular* conduct is clearly established.'" *Mullenix v. Luna*, 577 U.S. 7, 12 (2015) (per curiam) (quoting *al-Kidd*, 563 U.S. at 742).

Our precedent establishes that a single member of a governing board can be liable for voting in favor of an unconstitutional government action. *Strickland v. Inlow*, 485 F.2d 186, 189 (8th Cir. 1973), *vacated and remanded on other grounds sub nom. Wood v. Strickland*, 420 U.S. 308 (1975). In *Strickland*, this court concluded that high school students who were suspended after a unanimous vote of a three-member school board could bring claims under § 1983 "against the individual members of the board and the administrators of the school system who participated in the decision." 485 F.2d at 189. According to *Strickland*, each school board member was subject to liability, even though the vote was unanimous such that no single vote was a but-for cause for the students' suspension. *Id.* at 188.

Hasty's amenability to suit follows *a fortiori* from *Strickland*. Like the school board members in *Strickland*, Hasty is a member of a governmental body who voted to take an allegedly unlawful action. And the case for Hasty's liability is even stronger: Hasty cast a deciding vote in favor of the ban against Rinne, so his vote was a but-for cause of the allegedly unconstitutional action. *See Jett v. Dall. Indep. Sch. Dist.*, 491 U.S. 701, 737 (1989). Accordingly, Hasty is not entitled to qualified immunity based on his status as a voting member of the Commission that imposed the ban.

III.

The defendants challenge the district court's order granting a preliminary injunction on several grounds. As to the injunction against enforcement of the ban adopted in March 2021, we conclude that the appeal is moot, because the ban was scheduled to expire by its own terms on March 2, 2022.

To establish federal jurisdiction, an actual controversy must exist at all stages of review. *Alvarez v. Smith*, 558 U.S. 87, 92 (2009). "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the

-7-

issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (per curiam)).

An appeal becomes moot if the challenged governmental action has "expired by its own terms." *Burke v. Barnes*, 479 U.S. 361, 363 (1987); *see Trump v. Hawaii*, 138 S. Ct. 377, 377 (2017); *Spell v. Edwards*, 962 F.3d 175, 179 (5th Cir. 2020). The ban imposed against Rinne forbade him to enter county property "for one (1) year from March 2, 2021," and therefore would have expired on March 2, 2022. Accordingly, the passage of time has rendered moot the appeal from the district court's order granting a preliminary injunction against enforcement of the ban. This is not to say that the district court was wrong to enjoin the ban in October 2021; at that point, the question was whether it was absolutely clear that there was no reasonable expectation that the Commission would renew the ban before it expired. *See Friends of the Earth, Inc. v. Laidlaw Env't. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000). We do not address that question at this juncture. Now that the predetermined expiration date has passed, there is no remaining controversy over the ban.

No exception to mootness applies with respect to the ban. The voluntary cessation exception provides that a defendant cannot "automatically moot a case simply by ending its unlawful conduct once sued." *Nike*, 568 U.S. at 91. But while that proposition was relevant to the district court in October 2021, the concern is not implicated here, because the ban would have expired by its own terms more than a year ago. *See Perficient, Inc. v. Munley*, 973 F.3d 914, 916 (8th Cir. 2020) (explaining that because expiration of injunction mooted appeal, "[t]his is not a case of voluntary cessation of illegal conduct by the enjoined party"); *Spell*, 962 F.3d at 179 (concluding that voluntary cessation exception did not apply because statute's "lapse was predetermined"). The expiration in March 2022 was predetermined, and the voluntary cessation exception to mootness therefore does not apply at this stage of the litigation.

Nor is this a case where the challenged action is capable of repetition yet evading review. *See Weinstein v. Bradford*, 423 U.S. 147, 149 (1975) (per curiam). Because a live matter pending in the district court—the damages claim against Hasty—requires a determination about the lawfulness of the ban, the issues raised in the request for injunctive relief will not evade review. *See Bierman v. Dayton*, 817 F.3d 1070, 1074 (8th Cir. 2016); *Spell*, 962 F.3d at 180; *Orion Sales, Inc. v. Emerson Radio Corp.*, 148 F.3d 840, 842 (7th Cir. 1998). We note also that any future controversy concerning a similar one-year ban need not evade review if the aggrieved party seeks expedited review. *Minn. Humane Soc'y v. Clark*, 184 F.3d 795, 797 (8th Cir. 1999). One year is ample time to secure a ruling from a district court and to resolve an appeal if the aggrieved party seeks an accelerated schedule. *See, e.g.*, *South Dakota v. Hazen*, 914 F.2d 147, 148 (8th Cir. 1990) (hearing appeal seven days after preliminary injunction granted).

The district court also enjoined the defendants from imposing a future "similar ban" against Rinne. Rinne did not seek this relief in his amended complaint, and there is no case or controversy about hypothetical future bans from county property. To establish standing to seek an injunction against future injury, a plaintiff must show a real or immediate threat that he will be wronged again—a "likelihood of substantial and immediate irreparable injury." *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 502 (1974)). "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." *O'Shea*, 414 U.S. at 495-96. Rinne did not allege or present evidence of likely future injury. The county declared in October 2021 that the ban was "permanently repealed" and would "not be reinstated at any time." Whether or not the county's representation could moot Rinne's challenge to the one-year ban before it expired (in light of the voluntary cessation exception to mootness), Rinne has not established a case or controversy based on likely injury from a similar *future* ban.

*      *      *

For these reasons, we affirm the district court's order denying Hasty's motion to dismiss the claim against him for damages under 42 U.S.C. § 1983.  We dismiss the appeal from the district court's order granting injunctive relief, and remand with directions to vacate the injunction and to dismiss as moot the request for injunctive relief.  *See Trump v. Hawaii*, 138 S. Ct. at 377; *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39 (1950); *Fauconniere Mfg. Corp. v. Sec'y of Def.*, 794 F.2d 350, 352 (8th Cir. 1986).

_____