# United States Court of Appeals
### For the Eighth Circuit

_____

No. 24-1333

_____

Pollyann Sorcan

*Plaintiff - Appellant*

v.

Rock Ridge School District, (Independent School District No. 2909); Bill Addy,
Board Chair, in his official capacity as Chair, and any successor

*Defendants - Appellees*

------------------------------

Pacific Justice Institute

*Amicus on Behalf of Appellant(s)*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: December 18, 2024
Filed: March 13, 2025

_____

Before SMITH, GRUENDER, and STRAS, Circuit Judges.

_____

GRUENDER, Circuit Judge.

The board of the Independent School District No. 2909, Rock Ridge ("District") excluded one of its members, Pollyann Sorcan, from committee assignments and meetings. Sorcan had allegedly undermined the District's mission and failed to respect its policies and data privacy laws. Sorcan brought this 42 U.S.C. § 1983 action against the District and Bill Addy in his official capacity as current chair of the school board, claiming that the board impermissibly retaliated against her for engaging in speech protected by the First Amendment. The district court granted the defendants' motion to dismiss after concluding that Addy was entitled to legislative immunity and that Sorcan had failed to state a claim against the District under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). For the reasons set forth below, we reverse and remand for further proceedings consistent with this opinion.

## I. Background

Sorcan served as a board member of the District, including its predecessor school districts that were reconfigured into the District, for over twenty years. On Friday, August 6, 2021, members of the board received a board meeting agenda packet that contained an itinerary for an upcoming meeting on the following Monday. The agenda packet referenced a "Closed Session for preliminary consideration of allegations against an individual who is subject to the Board's authority pursuant to Minn. Stat. 13D.05, subd. 2(b)" and an "Open Session: Possible action based on the topics discussed in closed session." Upon receiving the agenda packet, Sorcan emailed the District's superintendent, Noel Schmidt. Sorcan asked Schmidt whether the subject of the closed session had been notified of the meeting. Schmidt responded that Sorcan was the subject of the closed session and that the board would be considering a resolution to censure her.

At the Monday meeting, Sorcan informed the board that she had a legal right to demand that the resolution be discussed in open session instead of a closed session. The board chair, Stacey Sundquist, granted Sorcan's request and read the censure resolution in open session. The resolution alleged that, (1) "Sorcan has

failed to respect and follow the District's policies, including the District's Rules of Order at Board meetings"; (2) "Sorcan has failed to respect data privacy laws while acting in her capacity as a Board member"; and (3) "Sorcan has failed to carry out the District's mission and has actively undermined the District's mission by refusing to work with the Board's Negotiation Committee on a contract, undercutting the District's mission on social media, and more." The resolution further stated that, if passed, Sorcan would be "remove[d] . . . from any and all School Board committee assignments until such time as the Board decides that [Sorcan] may again be assigned to committees." All board members other than Sorcan voted "yes" on the resolution, and it passed. With the resolution passed, Sorcan was removed from all committee assignments the same day.

Sorcan's censure was formally lifted on February 13, 2023. The new board chair, Addy, subsequently appointed Sorcan to three committees—the lowest number of committee assignments of any board member.

Sorcan filed a 42 U.S.C. § 1983 action against the District and Addy in his official capacity as current chair of the school board. She alleged that the defendants impermissibly retaliated against her for engaging in speech protected by the First Amendment. She requested, *inter alia*, nominal damages, attorneys' fees, injunctive relief requiring the defendants to formally rescind her censure and appoint her to a number of committees commensurate with her peers, and declaratory relief stating that the District's interpretations, and corresponding policies and practices, violated her First Amendment rights and rights under the Minnesota Constitution.

The defendants filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), which the district court granted. Drawing on Supreme Court decisions pertaining to suits against local officials sued in their individual capacities, the district court determined that Addy was legislatively immune from suit. The district court also held that Sorcan had failed to state a claim against the District because she had not identified a persistent pattern of unconstitutional behavior under *Monell*.

After the district court dismissed the suit, the board removed Sorcan from her position as a board member. The board claimed that Sorcan had prioritized her personal interests and undermined school board decisions.

## II. Discussion

### A. Mootness

To establish federal jurisdiction under Article III of the United States Constitution, an actual "Case" or "Controversy" must subsist through all stages of litigation. *Rinne v. Camden Cnty.*, 65 F.4th 378, 385 (8th Cir. 2023); *see* U.S. Const. art. III, § 2. "If the issues presented are no longer live or the parties lack a cognizable interest in the outcome, a case or controversy under Article III no longer exists because the litigation has become moot." *Allan v. Minnesota Dep't of Hum. Servs.*, 127 F.4th 717, 720 (8th Cir. 2025). A case is moot "only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Cardiovascular Sys., Inc. v. Cardio Flow, Inc.*, 37 F.4th 1357, 1362 (8th Cir. 2022).

We consider whether Sorcan's claims against the defendants have become moot due to her removal as a board member. Without board membership, she may not avail herself of committee assignments, which is a form of relief she seeks in her complaint. Sorcan, however, also requests nominal damages. The parties do not dispute that nominal damages remain at stake. We have held that "[t]he availability of nominal damages is enough to stave off mootness." *Felts v. Green*, 91 F.4th 938, 941 (8th Cir. 2024). Sorcan's claim for nominal damages therefore precludes mootness notwithstanding Sorcan's removal from the board. Accordingly, we have jurisdiction.[1]

---

[1]Because the availability of nominal damages alone precludes mootness, we do not address the other forms of relief sought by Sorcan—i.e., injunctive and declaratory relief. *See Green*, 91 F.4th at 941 (stating that a defendant's resignation from a board did not moot a case because nominal damages remained available for the plaintiff); *Cardiovascular Sys.*, 37 F.4th at 1362 ("Since [the plaintiff] may

## B. Motion to Dismiss

We next consider whether the district court properly granted the defendants' motion to dismiss under Rule 12(b)(6). Dismissal under Rule 12(b)(6) is not appropriate when a complaint contains sufficient factual matter, which, when accepted as true and viewed in the light most favorable to the nonmoving party, states "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard is not a "probability requirement"; rather, it requires a plaintiff to show that success on the merits is more than a "sheer possibility." *Id.* Thus, a complaint "may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and that a recovery is very remote and unlikely." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (internal quotation marks omitted). We review *de novo* the district court's decision to dismiss the complaint. *Sorenson v. Sorenson*, 64 F.4th 969, 975 (8th Cir. 2023).

## 1. Legislative Immunity

The district court found Sorcan's claim against Addy to be barred by legislative immunity. Local officials sued in their individual capacities are entitled to legislative immunity for their legislative activities. *Bogan v. Scott-Harris*, 523 U.S. 44 (1998). However, local officials sued in their official capacities are not entitled to the same immunity. *Bd. of Cnty. Comm'rs, Wabaunsee Cnty., Kan. v. Umbehr*, 518 U.S. 668, 677 n.* (1996) (stating that "immunity from suit under § 1983 extends to public servants only in their *individual* capacities"); *see Jefferson Cmty. Health Care Ctrs., Inc. v. Jefferson Par. Gov't*, 849 F.3d 615, 624 (5th Cir. 2017) (stating that local officials sued in their official capacities are not legislatively immune from suit under § 1983). This is because "[o]fficial-capacity

_____

obtain injunctive relief or nominal damages, this case still presents a live controversy.").

-5-

suits . . . generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (internal quotation marks omitted). Because Sorcan sued Addy in his official capacity, Sorcan's suit against Addy is tantamount to a suit against the District itself. Local governments, like the District, "do not enjoy immunity from suit—either absolute or qualified—under § 1983." *Leatherman v. Tarrant Cnty. Narcotics Intel. & Coordination Unit*, 507 U.S. 163, 166 (1993). Consequently, Addy in his official capacity is not entitled to legislative immunity, and the district court erred in concluding otherwise.

## 2. *Monell*

The district court determined that Sorcan had failed to state a *Monell* claim because she had not identified a persistent pattern of unconstitutional misconduct by the District. Under *Monell*, "[s]ection 1983 liability for a constitutional violation may attach to [the District] if the violation resulted from (1) an 'official [government] policy,' (2) an unofficial 'custom,' or (3) a deliberately indifferent failure to train or supervise." *Corwin v. City of Independence*, 829 F.3d 695, 699 (8th Cir. 2016) (quoting *Monell*, 436 U.S. at 691). "Policy and custom are not the same thing." *Id.* at 699-700. A custom is "a persistent, widespread pattern of unconstitutional conduct of which officials have notice and subsequently react with deliberate indifference or tacit authorization." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 536 (8th Cir. 1999). A policy, by contrast, is "a deliberate choice of a guiding principle or procedure made by the [government] official who has final authority regarding such matters." *Corwin*, 829 F.3d at 700. A *single decision* by a government's "authorized decisionmakers" to adopt a particular course of action "surely represents an act of official government policy," regardless of "whether or not that body had taken similar action in the past or intended to do so in the future." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480-81 (1986) (internal quotation marks omitted).

In support of its contention that Sorcan needed to identify a "persistent pattern of unconstitutional misconduct," the district court cited *Furlow v. Belmar*, 52 F.4th 393, 406 (8th Cir. 2022). In *Furlow*, the court was concerned with whether the plaintiff had established the existence of a "custom or usage." *Id.* Had Sorcan sought to demonstrate *Monell* liability solely on the basis that the District had an unofficial *custom* of engaging in "a continuing widespread, persistent pattern of unconstitutional misconduct," as in *Furlow*, we could agree with the district court that Sorcan had failed to state a claim against the District. However, even if we assume that the censure itself was not a policy, Sorcan also alleged that the District had an *unwritten policy* of retaliating against individuals for their protected speech. *See Pembaur*, 475 U.S. at 480-81 (stating that an official policy need not be committed to writing, as "a government frequently chooses a course of action tailored to a particular situation [that is] not intended to control decisions in later situations"). She therefore need not identify a persistent pattern of unconstitutional misconduct so long as she identifies that a constitutional violation resulted from authorized decisionmakers making "a deliberate choice of a guiding principle or procedure." *Corwin*, 829 F.3d at 700. The district court erred in requiring that Sorcan identify a persistent pattern of unconstitutional misconduct.[2]

## III. Conclusion

For the foregoing reasons, we reverse the district court's dismissal of the complaint and remand for further proceedings consistent with this opinion.[3]

_____

[2]We decline to decide in the first instance whether Sorcan stated a plausible First Amendment claim against the defendants. *See Houston v. Saint Luke's Health Sys., Inc.*, 76 F.4th 1145, 1152 n.3 (8th Cir. 2023).

[3]The parties' joint motion to take judicial notice of certain undisputed public records is granted. *See* Fed. R. Evid. 201.